**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1444

DONNA M. JONES,

              Plaintiff - Appellant,

       v.

FAIRFAX COUNTY SCHOOL BOARD,

              Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria. Anthony John Trenga, Senior District Judge. (1:23-cv-00359-AJT-LRV)

Submitted: August 28, 2025                          Decided: October 3, 2025

Before WILKINSON, THACKER and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Seth J. B. Obed, Robert M. Bohn, OBED LAW, PLLC, Alexandria, Virginia,
for Appellant. Laurie Kirkland, Dana R. Leinbach, BLANKINGSHIP & KEITH, PC,
Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case comes to us on appeal from an order disposing of a single Americans with Disabilities Act ("ADA") claim on cross-motions for summary judgment. Donna Jones ("Appellant") is an elementary school resource teacher who underwent two surgeries to treat a lung condition. While recovering, Appellant requested that she be allowed to work remotely for a discrete period of time, i.e., granted temporary but total telework. The school declined on the grounds that Appellant could not perform all the essential functions of her job while working remotely.

Appellant filed suit against the Fairfax County School Board ("Appellee") pursuant to the ADA, alleging that the school's refusal to grant her proposed accommodation violated the statute. The district court concluded that Appellant's proposed accommodation would not have allowed her to perform all the essential functions of her job and was thus unreasonable. And because Appellant had not identified a reasonable accommodation that she should have been given but was not, the district court granted the school's motion for summary judgment.

Finding no reversible error, we affirm.

I.

A.

Beginning in 2019, Appellant worked at Braddock Elementary School as a K-2 science and math resource teacher. Like most teachers, Appellant's job duties were "very demanding" and required her to interact with other teachers and students throughout the

day. J.A. 981.[1]  Of importance here, Appellant's job required her to: (1) provide academic intervention, such as administering testing to K-2 students; and (2) provide classroom support, such as co-teaching lessons.

In January 2022, Appellant was diagnosed with reactive airway disease, a lung condition that required surgery.  Appellant attributes her lung condition to mold in her classroom and dust from ongoing construction at the school.  In the days leading up to her first surgery, Appellant requested that she be allowed to work from home for a few weeks in order to keep clear of the dust and mold while her lungs healed.  Lori Gibson, the school's ADA specialist, declined to grant this accommodation.  Gibson reasoned that Appellant could not work remotely and perform the essential functions of her job -- co-teaching lessons and testing elementary students.  After some back and forth, Appellant and Gibson reached an agreement where Appellant would work remotely during virtual faculty meetings (which took place every Thursday morning) but otherwise Appellant would be in the school building, at which point she would have access to free personal protective equipment.

Appellant made use of these agreed upon accommodations for a short time but soon sought to revisit them.  Between February 28 and April 14, 2022, Appellant made several formal and informal requests to telework.  But the school denied each, with Gibson insisting that Appellant could not perform the essential functions of her job remotely.  In late April, Appellant notified the school that she would be undergoing a follow-up lung

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

3

surgery. A few days later, she again asked to telework. The school again refused her request. Appellant made a final request to telework in mid-May, but the school also refused that request for the same reasons as before. Although the school continually denied Appellant's requests to telework, it granted every request she made for leave, including after each surgery and on days she felt unable to work in the school building. Appellant finished the 2022 school year and then transferred to a different school in Fairfax County.

B.

Appellant sued Appellee in the Eastern District of Virginia on March 17, 2023. She brought three claims: (1) unlawful discrimination on the basis of disability; (2) failure to accommodate; and (3) retaliation. Appellee moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted that motion as to all but the failure to accommodate claim.[2]

Following discovery, the parties filed cross-motions for summary judgment. The district court found that the undisputed record evidence proved that Appellant's proposed accommodation -- temporary but total telework -- would not have allowed her to perform the essential functions of her job.[3] For that reason, the district court held that Appellant's

---

[2] Appellant does not appeal the dismissal of her claims for discrimination on the basis of disability and retaliation, so that ruling is not before us.

[3] The district court also found that a genuine issue of material fact existed as to whether the school's provided accommodation (free personal protective equipment and one morning of telework a week) was reasonable.

proposed accommodation was unreasonable as a matter of law, granted Appellee's motion, denied Appellant's motion, and dismissed the case.

This appeal followed.[4]

## II.

"This Court reviews de novo a district court's disposition of cross-motions for summary judgment." *Sheet Metal Workers' Health & Welfare Fund of N.C. v. Stromberg Metal Works, Inc.*, 118 F.4th 621, 631 (4th Cir. 2024). "When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." *Id.* (quoting *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 354 (4th Cir. 2011)). "Under that standard, summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

## III.

### A.

The ADA bars employers from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Discrimination includes failing to provide an employee with a reasonable accommodation that would enable the employee to perform the essential functions of their job. *Tartaro-McGowan v. Inova Home Health, LLC*, 91 F.4th 158, 165 (4th Cir. 2024) ("Discrimination can include failing to make reasonable

---

[4] We have jurisdiction pursuant to 28 U.S.C. § 1291.

accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." (internal quotation marks and citation omitted)); *Perdue v. Sanofi-Aventis U.S., LLC*, 999 F.3d 954, 962 (4th Cir. 2021) ("One form of discrimination is failing to make reasonable accommodations for a disabled employee's known physical or mental limitations." (internal quotation marks and citation omitted)).

To prevail on a failure to accommodate claim, a plaintiff must prove four elements: "(1) that she had a disability within the statutory meaning; (2) that the employer knew of her disability; (3) that a reasonable accommodation would permit her to perform the essential functions of the position; and (4) that the employer refused to make the accommodation." *Perdue*, 999 F.3d at 959. The plaintiff carries the burden of proof on each element. *Hannah v. United Parcel Serv., Inc.*, 72 F.4th 630, 635 (4th Cir. 2023).

## B.

Here, the school does not dispute that Appellant meets the first two elements of her failure to accommodate claim. We thus proceed straight to the third element and consider whether Appellant's proposed accommodation -- temporary but total telework -- would have allowed her to perform all the essential functions of her job.

This analysis proceeds in two steps. First, we must identify the essential functions of Appellant's job. Second, once identified, we must determine whether Appellant could have performed those essential functions with her proposed accommodation.

"A function is essential as long as it 'bears more than a marginal relationship to the job at issue.'" *Elledge v. Lowe's Home Ctrs., LLC*, 979 F.3d 1004, 1009 (4th Cir. 2020) (quoting *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 279 (4th Cir. 2004)). In

6

other words, "[a] job function is essential when the reason the position exists is to perform that function, when there aren't enough employees available to perform the function, or when the function is so specialized that someone is hired specifically because of his or her expertise in performing that function." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 579 (4th Cir. 2015) (internal quotation marks omitted) (quoting 29 C.F.R. § 1630.2(n)(2)).

The parties largely agree on the essential functions of Appellant's job.[5] Dispositive here, they agree that Appellant's essential functions included providing classroom support, such as by co-teaching lessons, and providing testing to students on a moment's notice.

We have examined the record and conclude that no reasonable jury could find that Appellant would have been able to perform these essential functions while working remotely. This is so because each essential function required face to face interaction with teachers and students alike, and Appellant admits that she could not have performed these essential functions while teleworking. In a declaration submitted to the district court, Appellant conceded that she had to be "on-site" to "[a]ssist K-2 classroom teachers with student strategic assessments," "[m]odel or co-teach math or science lesson[s] upon request of teacher," and "[a]ssess and progress monitor . . . students." J.A. 228.

---

[5] There is one minor dispute between the parties over whether substitute teaching was an essential function of Appellant's job. However, given Appellant's concession that she could not perform the agreed upon essential functions of her job remotely, we find this dispute immaterial and decline to address it.

That concession forecloses Appellant's case. A proposed accommodation is required only if it is reasonable. To be reasonable, the accommodation must allow the plaintiff to perform *all* essential functions of the job. *Jacobs*, 780 F.3d at 580–81. But, critically, Appellant concedes that her proposed accommodation -- temporary but total telework -- would have kept her from performing all essential functions of her job as an elementary school resource teacher. Her proposed accommodation was thus unreasonable, and the school had no obligation to provide the accommodation. Therefore, Appellant's claim fails as a matter of law, and the district properly granted the school's motion for summary judgment.

## C.

Appellant offers some arguments to the contrary, but none are persuasive. First, Appellant contends that her accommodation was reasonable because it was temporary. More specifically, she argues that a temporary accommodation is reasonable if it (1) is only necessary until the employee recovers from a short-term disability; and (2) enables the employee to perform most of the essential functions of their job while they recover from that short-term disability.

That argument runs counter to the ADA's plain text and this court's precedent. As we have explained, the ADA's operative "provisions contain no reference to an individual's *future* ability to perform the essential functions of [their] position." *Myers v. Hose*, 50 F.3d 278, 283 (4th Cir. 1995) (emphasis in original). The ADA is instead "formulated entirely in the present tense, framing the precise issue as whether an individual 'can' (not 'will be able to') perform the job with reasonable accommodation." *Id.* So "[a]n

8

employer is not required to grant even a reasonable accommodation unless it would enable the employee to perform *all* [not simply *most*] of the essential functions of her position." *Jacobs*, 780 F.3d at 581 (emphasis in original).

Next, Appellant argues that her proposed accommodation was reasonable because other resource teachers could have picked up her slack while she recovered. This argument likewise runs headlong into our contrary case law. We have held that "employers do not need to change a job's essential functions or split them across multiple employees" to satisfy the ADA. *Elledge*, 979 F.3d at 1013. In other words, an employer cannot be forced to "reallocate essential functions" to other employees. 29 C.F.R. § 1630.2(o) app. (2024); *see also Tartaro-McGowan*, 91 F.4th at 165; *EEOC v. Womble Carlyle Sandridge & Rice, LLP*, 616 F. App'x 588, 593 (4th Cir. 2015) (per curiam). But that is exactly what Appellant asserts the school should have done. Thus, this argument fails.

Finally, Appellant contends that the school did not fully engage in the interactive process and thus failed to help her find a reasonable accommodation. This argument fares no better than the others. We have said time and again that "the interactive process 'is not an end in itself.'" *Perdue*, 999 F.3d at 962 (quoting *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 347 (4th Cir. 2013)). The interactive process is instead a "means for determining what reasonable accommodations are available to allow a disabled individual to perform the essential job functions of the position." *Id.* So where, as here, "the employee ultimately fails to demonstrate the existence of a reasonable accommodation that would allow her to perform the essential functions of the position," the "employer will not be liable for failure to engage in the interactive process." *Id.* (quoting *Jacobs*, 780 F.3d at 581). Appellant has

9

suggested only one accommodation -- temporary but total telework -- and she admits that even this accommodation would not have allowed her to perform all the essential functions of her job.[6]  That concession foreclosed this argument and, with it, Appellant's case.

IV.

We conclude that the district court properly granted the school's motion for summary judgment and denied Appellant's motion. The judgment of the district court is

*AFFIRMED*.

---

[6] Appellant argues in passing that she was open to less than full time telework, but she has made no effort to demonstrate that any additional telework (beyond what she was provided) would have enabled to her perform the essential functions of her job.

10